# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LINDA M. AMBROZIK,**
**Claimant Below, Petitioner**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 20-0271** (BOR Appeal No. 2054980)
                    (Claim No. 2018016300)

**STONEBROOK, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Linda M. Ambrozik, by Counsel J. Thomas Greene Jr. and T. Colin Greene, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Stonebrook, Inc., by Counsel Alyssa A. Sloan, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied authorization of a total left knee replacement on March 13, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its December 27, 2019, Order. The Order was affirmed by the Board of Review on February 28, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

. . . .

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off of Ins. Comm'r,* 235 W.Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Office of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Ambrozik, a residential counselor, injured her head, left shoulder, and left knee when she slipped and fell at work on January 12, 2018. Ms. Ambrozik reported to Berkeley Medical Center on January 15, 2018, that she had a history of left knee problems and stated that she was still undergoing regular treatment for the left knee. X-rays showed osteoarthritis but no fractures. Ms. Ambrozik was diagnosed with left shoulder, left knee, and cervical arthritis as well as cervical strain with radiculopathy. The January 15, 2018, Employer's Report of Injury indicated Ms. Ambrozik fell at work and injured her head, left knee, and left shoulder. It was noted that she had a prior left knee injury for which she was wearing a brace. The claim was held compensable for neck sprain, left shoulder contusion, and left knee contusion on January 25, 2018.

An April 12, 2018, left knee MRI showed a complex tear of the body and posterior horn of the medial meniscus, end stage cartilage disease in the medial compartment, and small joint effusion with a small cyst. The claims administrator granted authorization for a left knee meniscectomy/chondroplasty on June 5, 2018. The surgery was performed on July 12, 2018, by Joseph Cincinnati, M.D., who indicated the surgery was necessary to treat a medial meniscus tear and degenerative joint disease. The postoperative diagnoses were large complex degenerative tear of the medial meniscus, Grade 4 degenerative medial compartment joint disease, Grade 3/4 degenerative patellofemoral joint disease, and peripheral lateral meniscus tear. Dr. Cincinnati requested authorization for a total left knee replacement on September 11, 2018.

Rebecca Thaxton, M.D., performed a Physician Review on September 13, 2018, in which she recommended a second opinion regarding what conditions necessitate a total left knee replacement. She stated that the surgery is clearly required to treat preexisting arthritis, but an orthopedic evaluation is necessary to determine if the compensable injury contributed to the need for surgery.

In a November 29, 2018, independent medical evaluation, Rafael Steuart, M.D., noted that Ms. Ambrozik reported that her July 12, 2018, injury worsened her left knee pain. Dr. Steuart reviewed operative pictures from the surgery and opined that they were consistent with severe medial compartment arthritis. Dr. Steuart stated that all treatment in this claim was aimed at

treating preexisting conditions. He asserted that Ms. Ambrozik's meniscal tear was degenerative in nature, which is almost always seen in patients with Ms. Ambrozik's severity of osteoarthritis. Dr. Steuart recommended no further left knee treatment for the compensable injury and opined that a total left knee replacement is not necessary.

Dr. Thaxton performed a Physician Review on December 20, 2018, in which she opined that a total left knee replacement is unnecessary treatment for the compensable injury. She stated that the surgery was necessary to treat significant preexisting osteoarthritis. The claims administrator denied authorization of a total left knee replacement on March 13, 2019.

Ms. Ambrozik testified in a July 29, 2019, deposition that on the day she was injured, she was having no issues with her left knee. Since her July 12, 2018, surgery, she has had constant pain that was not present prior to the compensable injury. Ms. Ambrozik admitted that she had left knee injections before the compensable injury occurred to treat arthritis. Ms. Ambrozik also admitted that when she was treated by Dr. Cincinnati in 2017, he told her that she would eventually need a total left knee replacement.

In an August 30, 2019, deposition, Dr. Cincinnati testified that he first saw Ms. Ambrozik for the compensable injury on May 1, 2018. At that time, he reviewed a left knee MRI and found a medial meniscus tear and Grade 3/4 thinning of the articular cartilage. Dr. Cincinnati stated that he performed surgery on Ms. Ambrozik's left knee and found significant arthritis. Dr. Cincinnati opined that the compensable injury exacerbated the preexisting arthritis. He testified that Ms. Ambrozik would have eventually required a total left knee replacement regardless of the compensable injury. He stated that the work injury could have aggravated or exacerbated Ms. Ambrozik's preexisting arthritis and could have accelerated the condition. Dr. Cincinnati testified that he treated Ms. Ambrozik for left knee arthritis prior to the compensable injury, and offered to perform left knee surgery, which likely would have been a total knee replacement. Ms. Ambrozik declined surgery at that time. When he performed surgery after the compensable injury to fix the medial meniscus tear, Dr. Cincinnati found Grade 4 degenerative arthritis. Dr. Cincinnati testified that such advanced degenerative changes require a total knee replacement.

The Office of Judges affirmed the claims administrator's denial of authorization of a total left knee replacement in its December 27, 2019, Order. The Office of Judges found the opinion of Dr. Steuart to be persuasive. Dr. Steuart concluded in his independent medical evaluation that the requested surgery was necessary to treat preexisting osteoarthritis, not the compensable injury. The request for surgery was made by Dr. Cincinnati, who previously performed surgery on Ms. Ambrozik's left knee. He testified in a deposition that he observed severe arthritis in the left knee, which would require a total knee replacement. The Office of Judges concluded that Ms. Ambrozik underwent left knee surgery to treat a compensable meniscus tear, but a preponderance of the evidence indicates a total left knee replacement is not necessary treatment for the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 28, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-3(a)(1) provides that the claims

administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. Ms. Ambrozik sustained a compensable left knee meniscus tear, which was surgically repaired. She now requests authorization for a total left knee replacement. A preponderance of the evidence indicates the surgery is necessary due to significant preexisting arthritis, not the compensable injury. The decision of the Board of Review is therefore affirmed.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4